ORIGINAL

United States District Court
Southern District of Texas
FILED

SEP 2 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

---

**KINGVISION PAY-PER-VIEW, LTD.**, as Broadcast Licensee of the **November 13, 1999 Holyfield/Lewis** Program,

Plaintiff,

-against-

CARLOS DELEON, Individually, and as an officer, director, shareholder and/or principal of RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB, and RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB;

Defendants.

---

**COMPLAINT**

Civil Action No. B-01-164

Plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 47 U.S.C. § § 553, 605, et seq.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3. Upon information and belief, venue is proper in this court because, inter alia (i) at least one of the defendants reside in the County of Cameron, which is within the Southern District of Texas [28 U.S.C. §124 (b)(4)] and all defendants reside within the State of Texas.

4. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of Texas.

## THE PARTIES

5. The plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, is a Delaware based corporation with its principal place of business located at 501 Fairway Drive, Deerfield Beach, FL 33441.

6. That upon information and belief the defendant, CARLOS DELEON, is an individual who was and still is an officer, director, shareholder and/or principal of RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB

7. The defendant, RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB, is a business entity, the exact nature of which is unknown, having its principal place of business at 3805 Bhwy 83 West, Harlingen, TX 78552-3508, and having the registered agent of Carlos Deleon located at 211 W. Expy 83, Pharr, TX 78577-6502.

8. Defendant, RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB, upon information and belief, is a Domestic Corporation, incorporated and licensed to do business in the of the State of Texas.



ClibPDF - www.fastio.com

9. Defendant, RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB, upon information and belief, is a partnership licensed to do business in the State of Texas.

10. Defendant, RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB, upon information and belief, is a sole proprietorship licensed to do business in the State of Texas.

## COUNT I

11. Plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, hereby incorporates by reference all of the allegations contained in paragraphs "1" through "10", inclusive, as though set forth herein at length.

12. By contract, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, was granted the right to distribute the **HOLYFIELD/LEWIS** program (this includes all undercard bouts and the entire television broadcast) scheduled for **NOVEMBER 13, 1999**, via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

13. Pursuant to the contract, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, entered into subsequent agreements with various entities in the State of Texas, allowing them to publicly exhibit the Program to their patrons.

14. Plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State



ClibPDF - www.fastio.com

of Texas, who in turn, entered into agreements with plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, to exhibit the Program to their patrons.

15. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16. That upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

17. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications (such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, had the distribution rights thereto).

18. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

19. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, has a private right of action pursuant to 47 U.S.C. §605.

20. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant. 24. Pursuant to 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, is also entitled to an award of full costs, interest



ClibPDF - www.fastio.com

and reasonable attorney's fees.

**COUNT II**

21. Plaintiff hereby incorporates paragraphs "1" through "20", inclusive, as though fully set forth herein.

22. That upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

23. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services (such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, had the distribution rights thereto), or is intended for any other activity prohibited under 47 U.S.C. §605 (a) .

24. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, has a private right of action pursuant to 47 U.S.C. §605.

25. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

26. Pursuant to 47 U.S.C. §605, plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, is also



ClibPDF - www.fastio.com

entitled to an award of full costs, interest and reasonable attorney's fees.

**COUNT III**

27. Plaintiff hereby incorporates paragraphs "1" through "26", inclusive, as though fully set forth herein at length.

28. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

29. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system (such as the transmission for which plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, had the distribution rights thereto).

30. That the defendants individually, upon information and belief, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

31. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

32. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

WHEREFORE, the plaintiff, **KINGVISION PAY-PER-VIEW, LTD.**, requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:



ClibPDF - www.fastio.com

(a) On the first cause of action, statutory penalties in the amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a);

(b) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(c) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553; and

(g) Attorney's fees, interest, costs of suit as to each defendant together with such other and further relief as this Court may deem just and proper.

Dated: September 20, 2001
Ellenville, New York

**KINGVISION PAY-PER-VIEW, LTD.**

By: ______________________

JULIE COHEN LONSTEIN
SDTX Admission No. 21857
Attorney in Charge
Office and P.O. Address:
One Terrace Hill, P.O. Box 351
Ellenville, New York 12428
Tel: (845) 647-8500
Fax: (845) 647-6277
*Our File No. C99-7TX-S14*



ClibPDF - www.fastio.com

COPY

O 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**KINGVISION PAY-PER-VIEW, LTD.**, as Broadcast Licensee of the **November 13, 1999 Holyfield/Lewis** Program,
Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: B-01-164

CARLOS DELEON, Individually, and as an officer, director, shareholder and/or principal of RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB, and RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB;
Defendants.

TO: (Name and address of defendant)

**CARLOS DELEON, Individually, and as an officer, director, shareholder and/or principal of RIONITE ENTERTAINMENT, INC., d/b/a RAGING BULL a/k/a RAGING BULL GENTLEMEN'S CLUB**
**211 W. Expy 83**
**Pharr, TX 78577**

**Our File No. C99-7TX-S14**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**LONSTEIN LAW OFFICE, P.C.**
**1 Terrace Hill, P.O. Box 351**
**Ellenville, New York 12428**

n answer to the complaint which is herewith served upon you, within twenty (20) days after service of this ummons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief lemanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after ervice.

Michael N. Milby, Clerk
LERK

9-26-01
DATE

[signature]
3Y) DEPUTY CLERK